IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DR. CARMEN BACA JONES** <br> 1712 Waterford Way <br> Maple Glen, PA 19002 <br><br> Plaintiff, <br><br> v. <br><br> **JANSSEN RESEARCH & DEVELOPMENT, LLC** <br> 1400 McKean Road <br> Spring House, PA 19477 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No: _____ |

## COMPLAINT

Dr. Carmen Baca Jones ("Dr. Baca Jones"), by and through her undersigned counsel, files this Complaint against Defendant Janssen Research & Development, LLC ("Janssen") and alleges as follows:

## INTRODUCTION

1. Dr. Baca Jones, a female US citizen of Mexican descent, is an award-winning scientist who built a highly successful career at Janssen.

2. She earned repeated promotions, received consistently strong performance evaluations, and had no history of disciplinary or performance issues.

3. That record changed only after she reported discriminatory treatment by her former supervisor, Mike Ports. Despite complaints—both from Dr. Baca Jones and other women—Janssen promoted Mr. Ports.

4. Once Mr. Ports became Dr. Baca Jones's boss, he abused and harassed Dr. Baca Jones.

5. As a direct result of Mr. Ports's abuse, Dr. Baca Jones suffered panic attacks, depression, and anxiety.

6. An outside law firm retained by Janssen investigated Ports for his mistreatment of women. Following that investigation, Mr. Ports was separated from Janssen.

7. After Mr. Ports's departure, Janssen allowed him to secretly author Dr. Baca Jones's year-end performance review, which was issued under another manager's name. That tainted review, written by a known harasser under false pretenses, was then used as a basis to terminate Dr. Baca Jones on August 14, 2024.

8. Upon later learning that Mr. Ports had been allowed to influence her performance evaluation even after being terminated, and that later managers were complicit in continuing the retaliation, Dr. Baca Jones suffered a serious emotional breakdown.

9. Her panic attacks, depression, and anxiety intensified, ultimately leading her to take short-term disability and protected medical leave.

10. Just a few months after Dr. Baca Jones returned from leave, Janssen terminated her employment.

11. Janssen's actions constitute unlawful discrimination and retaliation in violation of (1) Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*; (2) the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*; (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; (4) the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and (5) 42 U.S.C. § 1981.

## PARTIES

12. Dr. Baca Jones is a U.S. citizen who currently resides at 1712 Waterford Way, Maple Glen, PA 19002.

13. Defendant Janssen is a New Jersey Limited Liability Company located at 1400 McKean Road, Spring House, PA 19477.

**JURISDICTION & VENUE**

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. This Court also has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15. Venue lies in this District because a substantial part of the events and omissions giving rise to the claims asserted in this action occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16. Dr. Baca Jones has exhausted her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. Dr. Baca Jones received her right to sue letter on or about June 16, 2025.

**FACTS**

17. Dr. Baca Jones was an award-winning scientist at Janssen with a strong history of positive employment reviews until an individual named Mike Ports became her supervisor.

18. Mr. Ports had a history of mistreating women at Janssen, especially women of color like Dr. Baca Jones.

19. Dr. Baca Jones (and two other female senior leaders) informed Janssen of this fact when they opposed Mr. Ports's candidacy for a promotion.

20. Janssen disregarded the concerns of Dr. Baca Jones and her colleagues and promoted Mr. Ports to the position of Vice President of Cell Therapy Platform and Discovery, which made Mr. Ports Dr. Baca Jones's direct supervisor.

21. Mr. Ports then engaged in a pattern of repeated and constant discriminatory behavior towards Dr. Baca Jones.

22. For example, he stripped Dr. Baca Jones of various responsibilities, disparaged her in front of colleagues and subordinates, and gave her multiple negative and false reviews.

23. Early on in his tenure as Dr. Baca Jones's supervisor, he told her that she would never get a good review so long as he was her supervisor and that she should find a new job.

24. Dr. Baca Jones notified Janssen's human resources department about the treatment she was receiving from Mr. Ports.

25. She specifically noted that she believed she was being mistreated by Mr. Ports because she was a woman of color and retaliated against because of the concerns she raised prior to his promotion.

26. Dr. Baca Jones eventually learned that Mr. Ports was under investigation by Janssen because of his alleged mistreatment of other women.

27. Unfortunately, Mr. Ports remained Dr. Baca Jones's supervisor for almost a year after she learned of the investigation and he continued to mistreat, disparage and harass her.

28. Following the outside firm's investigation, Mr. Ports was separated from Janssen.

29. Nevertheless, Janssen allowed him to surreptitiously author Dr. Baca Jones's annual review, after the results of the investigation regarding his treatment of Dr. Baca Jones had been disclosed to him.

30. The review was authored by Mr. Ports but signed by Dr. Baca Jones's new supervisor, Justin Scheer, and was not provided to her until well after Mr. Ports's departure from Janssen.

31. The review was negative despite Dr. Baca Jones accomplishing all her goals and objectives.

32. Upon receiving the review, Mr. Scheer told Dr. Baca Jones that Mr. Ports authored the review prior to his leaving the company.

33. Dr. Baca Jones was despondent upon learning that Mr. Ports had been allowed to write her year-end review under Mr. Scheer's name.

34. This caused Dr. Baca Jones to have an emotional breakdown.

35. She took 10 weeks of FMLA to deal with the emotional distress from which she was suffering.

36. She was taking medication for panic attacks and treated by, among others, a therapist for panic attacks, depression, and anxiety – all of which are rooted in her experience working for Mr. Ports and his continued ability to harm her after he left Janssen.

37. Even after Mr. Ports's termination, Janssen's retaliatory conduct continued through Dr. Baca Jones's subsequent managers. These managers knowingly relied on Ports's tainted review and began inventing new performance issues without basis.

38. For example, Dr. Baca Jones was cited for allegedly failing to attend internal meetings, even though she had been excused to speak at a national scientific conference as a panelist on Diversity in STEM—a role she performed on behalf of Janssen and with its approval.

39. Just a few months after Dr. Baca Jones returned from FMLA leave, Janssen terminated her employment.

## COUNT I
**Discrimination and Retaliation in Violation of Title VII**

40. All preceding paragraphs of this Complaint are incorporated by reference as if fully restated herein.

41. Janssen violated Title VII by discriminating against Dr. Baca Jones because of her sex (female) and/or national origin (Mexican).

42. Janssen also violated Title VII by retaliating against Dr. Baca Jones for engaging in protected activity such as opposing Ports' promotion and reporting discrimination.

**WHEREFORE**, Dr. Baca Jones seeks back pay, front pay, and interest due thereon as well as compensation for mental anguish, emotional distress, humiliation, and damage to her reputation, along with her punitive damages and her costs, including reasonable attorney's fees.

## COUNT II
### Discrimination in Violation of the ADA

43. All preceding paragraphs of this Complaint are incorporated by reference as if fully restated herein.

44. Due to Mr. Ports' treatment, Dr. Baca Jones suffered panic attacks, depression, and anxiety.

45. These conditions became so severe that Dr. Baca Jones was forced to take short-term disability and protected medical leave.

46. Due to these conditions, Dr. Baca Jones was unable to perform basic daily activities such as sleeping, concentrating, interacting with others, and managing the stress of daily work tasks. She also experienced difficulty maintaining focus, suffered from extreme fatigue, and was unable to participate in normal social or professional interactions without experiencing panic symptoms.

47. Janssen terminated Dr. Baca Jones's employment because of her disability, or because it perceived Dr. Baca Jones as disabled.

**WHEREFORE**, Dr. Baca Jones seeks back pay, front pay, and interest due thereon as well as compensation for mental anguish, emotional distress, humiliation, and damage to her reputation, along with her punitive damages and her costs, including reasonable attorney's fees.

## COUNT III
### Discrimination and Retaliation in Violation of the PHRA

48. All preceding paragraphs of this Complaint are incorporated by reference as if fully restated herein.

49. Janssen engaged in unlawful discriminatory practices against Dr. Baca Jones in violation of the PHRA.

50. Janssen violated the PHRA towards Dr. Baca Jones by discriminating against her on the basis of sex, and national origin as described fully above.

51. Janssen also discriminated against Dr. Baca Jones by terminating her employment on the basis of her disability, or the defendant's perception that she was disabled.

52. Finally, Janssen unlawfully retaliated against Dr. Baca Jones for engaging in protected activity such as opposing Ports' promotion and reporting discrimination.

**WHEREFORE**, Dr. Baca Jones seeks back pay, front pay, and interest due thereon as well as compensation for mental anguish, emotional distress, humiliation, and damage to her reputation, along with her punitive damages and her costs, including reasonable attorney's fees.

## COUNT IV
### Discrimination and Retaliation in Violation of the FMLA

53. All preceding paragraphs of this Complaint are incorporated by reference as if fully restated herein.

54. Under the FMLA, employees are entitled to 12 workweeks of leave during a 12-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of a position of such employee." *See* 29 U.S.C. § 2612(a)(1)(D).

55. The FMLA prohibits discrimination or retaliation against an employee for exercising her right to FMLA rights or for opposing any practice made unlawful by the FMLA. 29 U.S.C. § 2615(a)(1).

56. Dr. Baca Jones was engaged in statutorily-protected activity when she took FMLA-qualifying leave to deal with her panic attacks, anxiety, and depression.

57. Janssen violated the FMLA by, *inter alia*, unlawfully retaliating against Dr. Baca Jones for taking protected leave under the statute.

58. There are no legitimate non-discriminatory or non-retaliatory reasons for Dr. Baca Jones's termination by Janssen.

**WHEREFORE**, Dr. Baca Jones seeks back pay plus interest, front pay, and interest due thereon as well as compensation for mental anguish, emotional distress, humiliation, and damage to her reputation, along with liquidated damages and her costs, including reasonable attorney's fees.

## COUNT V
**Ethnic Origin Discrimination and Retaliation in Violation of 42 U.S.C. § 1981**

59. All preceding paragraphs of this Complaint are incorporated by reference as if fully restated herein.

60. Dr. Baca Jones is a U.S. citizen of Mexican descent.

61. Janssen intentionally discriminated against Dr. Baca Jones on the basis of her race and ethnicity/national origin with respect to the terms and conditions of her employment.

62. Janssen also unlawfully retaliated against Dr. Baca Jones for engaging in protected activity such as opposing Ports' promotion and reporting discrimination.

63. These actions interfered with Dr. Baca Jones's contractual employment relationship in violation of § 1981.

**WHEREFORE**, Dr. Baca Jones seeks back pay plus interest, front pay, and interest due thereon as well as compensation for mental anguish, emotional distress, humiliation, and damage to her reputation, along with liquidated damages and her costs, including reasonable attorney's fees.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

**KREHER & TRAPANI LLP**

Date: June 23, 2025

*/s/ Francesco P. Trapani*_____
Francesco P. Trapani, Esquire
PA Bar ID No. 20913
100 East Penn Square, Suite 400
Philadelphia, PA  19107
Phone (215) 907-7290
Fax (215) 907-7287
frank@krehertrapani.com
Attorney for Plaintiff, Dr. Carmen Baca Jones